UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| DUSICA PEJCIC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:19-cv-01777-JAW |
| | ) | |
| RC HOTEL MANAGEMENT, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON JOINT AND SEVERAL LIABILITY**

The Court concludes that under Puerto Rico law where there are two potential joint tortfeasors causing the same damage, and where the plaintiff impleaded only one, and where the statute of limitation expired on the other, the trial court must fix the percentage of responsibility for each tortfeasor, impleaded and unimpleaded, and the plaintiff's recovery will be limited to the percentage of liability fixed against the impleaded defendant. The Court leaves for later determination whether the impleaded tortfeasor had the obligation to implead the heirs of the deceased unimpleaded tortfeasor and whether the statute of limitations has run on claims against those heirs.

I.     **BACKGROUND**

On October 10, 2018, Dusica Pejcic filed suit against a hotel[1] in the Condado District of San Juan, Puerto Rico, alleging it was negligent in providing security for her when she stayed at the LeConsulat Hotel on July 27, 2018. *Compl.* (ECF No. 1).

---

[1]     It took Ms. Pejcic some time to discover which entity was the proper one to sue. It appears that RC Hotel Management, Inc. is the proper defendant. *See Am. Joint Pretrial Order* at 2, 7 (ECF No. 234).

The Complaint alleges a harrowing incident in which a man, later identified as Luis Villoda Soto, who was not a guest at Le Consulat, entered the lobby of the hotel, brandished a firearm, kidnapped Ms. Pejcic, another female, and a male, forced them into Ms. Pejcic's hotel room, kept them as hostages for hours, and sexually assaulted Ms. Pejcic and the other female in her presence. *Second Am. Compl.* ¶ 13 (ECF No. 31) (*Second Am. Compl.*). Ms. Pejcic was ultimately able to escape, running nude down the hotel corridors with Mr. Villoda Soto in pursuit. *Id.* ¶ 14. A shootout ensued between Mr. Villoda Soto and the police, and the police shot Mr. Villoda Soto dead. *Am. Joint Pretrial Order* at 7 (ECF No. 234). Ms. Pejcic claims physical and emotional injuries, medical expenses, lost wages, and lost earning capacity because of this incident. *Second Am. Compl.* ¶ 47.

At a video status conference on July 12, 2022, RC Hotel noted that Ms. Pejcic failed to implead Mr. Villoda Soto as a defendant in this case and RC Hotel contended that under Puerto Rico law, when one defendant is legally impeded from pursuing another joint tortfeasor, the court must award only those damages attributable to the impleaded defendant and must separate out the damages attributable to the unimpleaded joint tortfeasor. RC Hotel argued that the statute of limitations had run against the estate of Mr. Villoda Soto and therefore RC Hotel is barred from proceeding against his estate, depriving RC Hotel of its right of contribution. Counsel for Ms. Pejcic emphatically rejected these propositions. In response to this controversy, the Court ordered counsel to file memoranda of law. *Interim Order* at 3-4 (ECF No. 228). On July 27, 2022, Ms. Pejcic filed her memorandum of law. *Pl.'s*

*Mem. of Law on Joint and Several Liability* (ECF No. 232) (*Pl.'s Mem.*).  On August

11, 2022, RC Hotel responded.  *Def.'s Resp. to Pl.'s Mem. of Law on Joint and Several*

*Liability* (ECF No. 233) (*Def.'s Mem.*).  On August 15, 2022, Ms. Pejcic filed her reply

memorandum.  *Pl.'s Reply to Def.'s Resp. to Mem. of Law on Joint and Several*

*Liability* (ECF No. 237) (*Pl.'s Reply*).   On August 19, 2022, Ms. Pejcic filed a

supplemental memorandum confirming that no estate has been established for Mr.

Villoda Soto under Puerto Rico law because his heirs "if any, . . . have never executed

a Declaration of Heir before a Notary Public."  *Notice of Filing Suppl. to Pl.'s Mem. of*

*Law on Joint and Several Liability [DE 232] and Reply [DE237]* (ECF No. 241).

## II.    THE PARTIES' POSITIONS

### A.    Dusica Pejcic's Memorandum

Ms. Pejcic reviews the heightened standard of care Puerto Rico law imposes on

a hotel to provide security for its guests.  *Pl.'s Mem.* at 2-3.  She notes that, in contrast,

the assailant did not owe her a heightened duty of care under the Puerto Rico Civil

Code.  *Id.* at 3.  She then points out that under Federal Rule of Civil Procedure 14(a),

RC Hotel had the right, had it chosen to do so, to implead Mr. Villoda Soto's estate.

*Id.* at 5-7.  Ms. Pejcic says that RC Hotel may not now benefit from its decision not to

implead a liable third party's estate by reducing its joint and several liability for

damages it caused her by its negligence.  *Id.* at 7.

Ms. Pejcic further maintains that Mr. Villoda Soto and RC Hotel are not joint

tortfeasors.   *Id.* at 7-10.   Mr. Villoda Soto's liability arises from his cruel and

inhumane actions against Ms. Pejcic.  *Id.* at 8.  In Ms. Pejcic's view, RC Hotel's

3

liability flows from its distinct legal obligation to prevent harm to its hotel guests when such harm was reasonably foreseeable and should have been prevented by security measures that the hotel failed to adopt. *Id.* at 8-10. Thus, in Ms. Pejcic's view, RC Hotel's liability is "separate and apart" from Mr. Villoda Soto's liability. *Id.* at 8. Furthermore, RC Hotel had the right of contribution against Mr. Villoda Soto's estate. *Id.* at 8-10.

Ms. Pejcic also contends that RC Hotel was incorrect when it asserted that the statute of limitations has run against the estate of Mr. Villoda Soto. *Id.* at 10-12. Ms. Pejcic says that the statute of limitations against Mr. Villoda Soto would start when his heirs accepted their inheritance and thus the liability for the damages sustained by Ms. Pejcic. *Id.* at 12. In fact, Ms. Pejcic notes there is no evidence that Mr. Villoda Soto had any heirs or, if he did, that they accepted anything from the estate. *Id.* Ms. Pejcic says that heirs for a small estate will often reject their inheritance to avoid responsibility for damages caused by the deceased. *Id.* Finally, if RC Hotel wished to file an action against Mr. Villoda Soto's estate, it could have done so within the one-year statute of limitations period. *Id.*

**B.   RC Hotel's Memorandum**

In response, RC Hotel asserts that (1) Puerto Rico law places the burden on the injured party to implead all known tortfeasors to toll the statute of limitations, (2) Ms. Pejcic failed to implead the known tortfeasor, Luis Villoda Soto and/or his heirs within the one-year statute of limitations period, (3) the Court must instruct the jury to apportion liability between Mr. Villoda Soto and the hotel, and (4) the

Court must reduce any damage award by the percentage of responsibility attributed to Mr. Villoda Soto. *Def.'s Mem.* at 1-2. RC Hotel states that the Puerto Rico Supreme Court case of *Fraguada Bonilla v. Hospital Auxilio Mutuo*, 186 D.P.R. 365 (2012), established that the "timely filing of a complaint against an alleged joint tortfeasor does not toll the statute of limitations against the rest of the alleged joint tortfeasors." *Def.'s Mem.* at 3 (quoting *Fraguada*, 186 D.P.R. at 389). Next, RC Hotel points to *Adria Maldonado Rivera v. Carlos Suárez*, 195 D.P.R. 182 (2016) for the proposition that once a statute of limitations has run against a joint tortfeasor not timely impleaded by a plaintiff, an impleaded defendant may not implead the joint tortfeasor for contribution. *Def.'s Mem.* at 4-5. RC Hotel maintains that the combination of these two cases means that if a plaintiff fails to timely file an action against a third-party joint tortfeasor, the plaintiff has "implicitly release[d] that joint tortfeasor from liability." *Id.* RC Hotel rejects the notion that a defendant has the obligation to assure that other joint tortfeasors are timely sued. *Id.* at 5-6.

Moreover, RC Hotel maintains that *Maldonado Rivera* stands for the proposition that if a plaintiff fails to timely implead a joint tortfeasor, the trial court must apportion the damages among the impleaded and unimpleaded joint tortfeasors and deduct from the plaintiff's award the percentage of damages caused by the unimpleaded joint tortfeasors. *Id.* at 6-7.

## C.   **Dusica Pejcic's Reply**

In her August 15, 2022, reply, Dusica Pejcic further explained her view that the statute of limitations against Luis Villoda Soto's unknown heirs has not yet begun

to run.  *Pl.'s Reply* at 1-2.  Next, Ms. Pejcic expanded her argument that RC Hotel had the obligation to implead the heirs of Mr. Villoda Soto.  *Id.* at 2-3.

## III.  DISCUSSION

Preliminarily, the Court observes that as its jurisdiction over this case is based on diversity of citizenship, the Court applies the substantive law of the jurisdiction and the procedural rules of the federal courts.  *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938); *Alexandre v. Nat'l Union First Ins. Co.*, 22 F.4th 261, 271 (1st Cir. 2022) ("[W]ith diversity cases, federalism commands that federal judges apply state substantive law exactly as a state court would").  "In Puerto Rico, the statute of limitations is a substantive and not a procedural matter," *Alejandro-Ortiz v. P.R. Elec. Power Auth.*, 756 F.3d 23, 26 (1st Cir. 2014), and therefore its proper application in this case is a matter of Puerto Rico substantive law.

### A.    Tolling of the Statute of Limitations: *Fraguada Bonilla*

Under Puerto Rico law, the statute of limitations for a civil action based on fault or negligence is one year.  *See Fraguada Bonilla*, 186 D.P.R. at 374 (citing 31 L.P.R.A. §§ 5141, 5298).  As the incident occurred on July 27, 2018, the one-year statute of limitations period lapsed on July 27, 2019.

Based on the caselaw presented by the parties, the Court observes that in 2012, the Puerto Rico Supreme Court in *Fraguada Bonilla* declared a new prospective rule for the tolling of statutes of limitations in situations "when damage is caused by the concurrent negligence of several people."  *Id.* at 375.  Under prior caselaw, once a plaintiff sued one person, the statute of limitations was tolled as against other

6

potentially negligent people. *Id.* at 372 (describing the rule in *Arroyo v. Hosp. La Concepción*, 130 D.P.R. 596 (1992), as "the automatic and indefinite tolling of the statute of limitations against the alleged joint tortfeasors not included in the original complaint"). For determining when the statute of limitations begins to run, Puerto Rico adopts the "cognitive theory of harm," which the *Fraguada Bonilla* Court described as "when the claimant knew, or should have known that they suffered any injury, who caused it and the elements necessary to be able to effectively pursue their cause of action." *Id.* at 374. In *Fraguada Bonilla*, the Supreme Court of Puerto Rico adopted a new rule for the running of statutes of limitations in instances of concurrent civil negligence and partially overruled *Arroyo* in actions for damages involving imperfect solidarity between joint tortfeasors. *Id.* at 389; *see also Figueroa v. Valdes*, No. 15-1365(DRD), 2016 U.S. Dist. LEXIS 39729, at \*13-14 (D.P.R. Mar. 24, 2016) (recognizing that *Fraguada Bonilla* did not disrupt preexisting case law about how suing a joint tortfeasor automatically tolled the prescriptive period for all co-tortfeasors in perfect solidarity with the sued party). The *Fraguada Bonilla* Court ruled:

> Thus, the timely filing of a lawsuit against an alleged co-defendant does not toll the statute of limitations against the rest of the alleged co-defendants, because such a side effect of joint and several liability does not exist in the obligation *in solidum*.

*Id.* In announcing this new rule, the Supreme Court of Puerto Rico emphasized that the "cognitive theory of damages" still applied. *Id.* at 390.

Applying *Fraguada Bonilla* to the facts in this case, the Court concludes that once Ms. Pejcic initiated her lawsuit against RC Hotel (and others) within the one-

year statute of limitations, the filing of the lawsuit did not toll the running of the statute of limitations against Mr. Villoda Soto or his heirs.  Mr. Villoda Soto and the RC Hotel share no "common interest" or contractual relationship and thus lack perfect solidarity to invoke the prior tolling rule.  *See Fraguada Bonilla*, 186 D.P.R. at 380, 389 & n.14.

### B.    Right of Contribution for Expired Claims: *Maldonado Rivera*

In 2016, in *Maldonado Rivera*, the Supreme Court of Puerto Rico addressed the following: "Can alleged co-defendants who are jointly and severally liable for damages and were sued in a timely manner file a third-party claim to include in the original lawsuit another alleged co-defendant in favor of whom the cause of action for damages has expired?" 195 D.P.R. at 187.  The Supreme Court of Puerto Rico deemed such a third-party claim "inadmissible" because "this alleged co-defendant is not liable to the injured party or, through contingent contribution, to the alleged sued co-defendants, either." *Id.*

To place this question into context, the plaintiff was a passenger on a boat, which, while being driven at excessive speed at 11:30 p.m., slammed into another boat anchored in the harbor with its lights off and without proper permits. *Id.* at 188. The plaintiff sued the operator and the owner of the speeding boat, as well as the owner of the boat anchored in the harbor, for her physical and emotional injuries. *Id.* After a time, these defendants filed third party claims against the Puerto Rico Police, the Puerto Rico Department of Natural and Environmental Resources, and the Commonwealth itself on the grounds that the government entities were guilty of

8

negligence in failing to monitor the bay and in failing to require the anchored boat's owner to move to a safer spot.  *Id.*  The Commonwealth parties moved to dismiss the third-party complaints on the ground that they had been filed after the expiration of the one-year statute of limitations.  *Id.* at 188-89.

After reviewing the procedural nature of Rule 12.1 of the Puerto Rico Civil Rules and the policies and principles underlying the one-year limitations period, the Supreme Court observed:

> When two or more debtors concur in the same debt, the obligation may be joint or joint and several.  In the former, the debt can be divided and each debtor responds only for his/her share.  In the latter, the debt is considered indivisible and each debtor responds interchangeably for the entire debt.

*Id.* at 194.  The *Maldonado Rivera* Court then described the development of the law of joint and several liability in Puerto Rico among joint tortfeasors, including the impact of *Fraguada Bonilla*.  *Id.* at 194-200.  The Supreme Court wrote that "the adoption of joint and several liability or obligation *in solidum* regarding the tolling of the statute of limitations in actions for damages was the norm that best harmonized institutions and concepts as relevant as the statute of limitations, and the cognitive theory of damages, leading to a more equitable balance between the parties."  *Id.* at 200.  The Supreme Court reviewed both French and Spanish law on this issue.  *Id.* at 200-04.

Turning to contribution claims, the *Maldonado Rivera* Court wrote that "[t]he relationship between the injured party and the co-defendants who caused the damages is known as an external relationship.  As we have said, both in contractual

and extra-contractual liability, each co-defendant has the obligation to respond to the injured person for all damages." *Id.* at 204. By contrast, the "relationship between the co-defendants based on their respective share of liability is known as an internal relationship and, within it, the contribution claim could have a place." *Id.* The Supreme Court recognized the right of a tortfeasor who—based on joint and several liability—pays more than his percentage of actual responsibility to seek contribution from the other joint tortfeasors based on "notions of equity." *Id.* Even so, the "premise that enables a contingent contribution claim is that the plaintiff's cause of action against the third-part defendant has not expired." *Id.* at 205.

The *Maldonado Rivera* Court applied these principles to the facts in that case. The Supreme Court observed that the presumption of joint liability, where the debtor is responsible for only its share, did not apply in "the realm of extracontractual civil liability" and instead liability would be joint and several where the debt is indivisible and each debtor is responsible for the whole debt. *Id.* at 207 ("Therefore, the obligation that arises when damages are caused by multiple persons is joint and several in nature"). Even so, if the plaintiff is unable by virtue of the statute of limitations to bring an action against an unimpleaded defendant, the co-defendants are similarly unable to do so. *Id.* at 207-09.

The Supreme Court then considered how a trial court should deal with a case where some, but not all, joint tortfeasors had been sued, and for those who had not been sued, the statute of limitations barred suit either by the plaintiff or the named defendants:

> In such a case, the percentage of liability of that co-defendant who was
> not sued in time with the plaintiff's knowledge is subtracted from the
> total and the injured party will be compensated for the monetary value
> of the resulting difference.   All the sued co-defendants will respond
> jointly and severally, within the statute of limitations, to the entirety of
> such difference.

*Id.* at 210.  The Supreme Court described the typical resolution of a case where there

are four codefendants and each is found 25% responsible, noting that the plaintiff

would have the right to seek full payment from all four of them.  *Id.*

As the Supreme Court described it, however, the rule is different for situations

where only two of the four potentially responsible parties have been sued and the

statute of limitations has run against the remaining two.  *Id.* at 210.  The *Maldonado*

*Rivera* Court wrote:

> However, if in the previous example, the injured party (despite knowing
> that he/she suffered damages, as well as who caused the same and the
> elements necessary to exercise his/her cause of action), files a lawsuit
> within the statute of limitation only against two co-defendants, but the
> action expires with respect to the other two, the two co-defendants sued
> in a timely manner cannot use a third-party claim to bring to the lawsuit
> those who were left out.  As the original cause of action has expired in
> their favor, the co-defendants who were not sued on time are not liable
> to the injured party and, as a consequence, a joint and several liability
> relationship is not established with respect to the sued co-defendants.
> If the court decides that, in effect, the damages were caused by the four
> co-defendants and sets the percentage of liability of each one at 25%, out
> of the total (100%) of the participation in the damages, 50% of the
> corresponding liability will be subtracted with respect to the two co-
> defendants against whom the action has expired.  The injured party will
> only be entitled to the remaining 50% corresponding to the participation
> in the damages of the co-defendants sued on time.  The compensation
> equivalent to that 50% may be collected from either of the two sued co-
> defendants, who respond jointly and severally.

*Id.* at 210-11.

11

The plain language of the Supreme Court of Puerto Rico in *Maldonado Rivera* confirms that where there are multiple potential joint tortfeasors causing the same damage, and the plaintiff impleaded only some of them, and the statute of limitations expired on the rest, the trial court must fix the percentage of responsibility for each tortfeasor, impleaded and unimpleaded, and the plaintiff's recovery will be limited to the percentage of liability fixed against the impleaded defendants.  In this case, but for a couple of issues, this would mean that the jury will be asked to assess the percentage of responsibility for RC Hotel, the impleaded defendant, and Mr. Villoda Soto, the unimpleaded defendant, in causing Ms. Pejcic's injuries.

Following *Maldonado Rivera*, the Court of Appeals of Puerto Rico in *Cardona v. Luan Investment, Inc.*, KLAN201700564, 2019 P.R. App. LEXIS 680 (P.R. Ct. App. Mar. 29, 2019), applied *Maldonado Rivera* in a situation not dissimilar to the facts in this case.  In *Cardona*, a group of children were running down the center aisle of a shopping mall for an extended period and they ran into Ms. Báez Cardona, causing her to sustain personal injuries.  *Cardona*, 2019 P.R. App. LEXIS 680, at *2-3.  Ms. Cardona sued the owner of the mall and the security firm that the owner hired to provide security, but did not sue the parents of the children who were running down the center aisle and who directly caused her injuries.  *Id.* at *2-4.  The trial court found both the owner and the security firm were liable and awarded a damages judgment against them.  *Id.* at *14.  The Court of Appeals determined that the absent parents were equally responsible with the owner and security company for Ms. Cardona's damages and reduced her verdict by fifty percent.  *Id.* at 51-53.  The

resolution of the *Cardona* case is similar to the resolution the Court anticipates applying in this case.

Before making a definitive ruling, however, there are a couple of unresolved issues and the Court turns to them.

### C.    The Obligation of the Defendant to Implead the Third Party

In 2012, in *Fraguada Bonilla*, the Supreme Court of Puerto Rico announced a new rule and applied it prospectively.  186 D.P.R. at 393.  The Supreme Court of Puerto Rico's *Maldonado Rivera* decision was handed down in 2016.  Given the prospective nature of *Fraguada Bonilla* and the comparative newness of *Maldonado Rivera*, few courts in Puerto Rico have squarely addressed the full range of issues presented by those decisions.

The first question is whether RC Hotel had an obligation to implead Mr. Villoda Soto.  Although RC Hotel argues to the contrary, it seems clear that it was brought into this lawsuit well within the one-year statute of limitations and could have, if it had elected to do so, impleaded Mr. Villoda Soto's estate.  On January 9, 2019, Ms. Pejcic filed a second amended complaint that included RC Hotel as a named defendant.  *Second Am. Compl.* (ECF No. 31).  On January 29, 2019, Ms. Pejcic returned the summons, confirming that RC Hotel had been served on January 24, 2019, with the Second Amended Complaint and a summons.  *Aff. of Serv.* at 1 (ECF No. 38).  On February 13, 2019, RC Hotel moved to dismiss the complaint and to transfer the matter from the Southern District of Florida to the District of Puerto Rico.  *Defs., RC Hotel Management, Inc. and RC Hospitality Corp.'s Mot. to Dismiss*

*for Lack of Juris. and Improper Venue, or, in the Alternative, Mot. to Transfer to the United States District Court in and for P.R.* (ECF No. 40) (*Mot. to Dismiss*).   On February 15, 2019, the United States District Court for the District of Southern Florida denied RC Hotel's motion to dismiss for lack of jurisdiction.  *Order* (ECF No. 48).

On April 17, 2019, RC Hotel filed a renewed motion to dismiss for lack of jurisdiction.  *Defs., RC Hotel Management, Inc. and RC Hospitality Corp.'s Renewed Mot. to Dismiss for Lack of Juris. and Improper Venue, or, in the Alternative Mot. to Transfer to the United States District Court in and for P.R.* (ECF No. 62) (*Renewed Mot. to Dismiss*).  On June 25, 2019, the United States District Court for the District of Southern Florida granted RC Hotel's motion to transfer but denied its motion to dismiss.  *Order* (ECF No. 71).  On October 15, 2019, RC Hotel answered Ms. Pejcic's second amended complaint.  *Answer to Second Am. Compl. for Damages* (ECF No. 84) (*RC Hotel Answer*).  RC Hotel has argued that the one-year statute of limitations applied to any claim against Mr. Villoda Soto's estate, which, if correct, would have lapsed on July 27, 2019.  By July 27, 2019, RC Hotel had been served with a summons, had twice moved to dismiss, and had moved to change venue, and its motions to dismiss had been twice denied.  Based on this chronology, if RC Hotel had elected to do so, it could have timely filed a third-party action against Mr. Villoda Soto's estate.

Ordinarily, a plaintiff is the captain of her own lawsuit and may decide whom to sue, and if RC Hotel could have impleaded Mr. Villoda Soto's estate, so too could Ms. Pejcic.  However, the assertion of a statute of limitations defense is an affirmative

defense that, if not pressed, is waived. *Maldonado Rivera*, 195 D.P.R. at 193; *see* FED. R. CIV. P. 8(c) (listing statute of limitations as an affirmative defense). Moreover, Rule 8(c) applies not just to the listed affirmative defenses, but also to "any avoidance." *Id.*

The chronology here is unusual. RC Hotel was served with a summons well within the one-year statute of limitations and, had it elected to do so, RC Hotel could have third-partied Mr. Villoda Soto in January 2019 directly after it was served. Instead of impleading Mr. Villoda Soto within the statute of limitations, RC Hotel filed two motions to dismiss, in which it identified the assailant by name, both within the statute of limitations. *Mot. to Dismiss* at 16; *Renewed Mot. to Dismiss* at 18. Then, only after the one-year statute of limitations period had fully run, RC Hotel filed its answer to the Second Amended Complaint, asserting not only that Ms. Pejcic failed to join an "indispensable party," but also raising *Maldonado* as an affirmative defense:

> In the event that one or several of the joint alleged tortfeasors are brought after the statute of limitations for the present action has expired, this Court is required to allocate liability among all joint tortfeasors and make an offset proportionate to the percentage of liability imposed on tortfeasors not joined here in. *See Maldonado v. Suarez*, 2017 TSPR 165.

*RC Hotel Answer* at 6-7, 12-13.

It is unclear how the Supreme Court of Puerto Rico would view RC Hotel's actions in this case. RC Hotel effectively waited for the one-year statute of limitations to pass before it asserted the passage of the one-year statute of limitations as an affirmative defense, a defense unavailable to RC Hotel if it had filed a timely answer

to the Second Amended Complaint.  As RC Hotel's exposure in this lawsuit might be substantially avoided if Mr. Villoda Soto's heirs were not impleaded on a timely basis and as Rule 8(c) requires the affirmative assertion of any avoidance, the Supreme Court of Puerto Rico might impose on defendants like RC Hotel the same duty of due diligence in impleading potential third parties if served with a lawsuit within the statute of limitations that it now imposes on plaintiffs.

### D.   The Statute of Limitations and Mr. Villoda Soto's Estate

The next unanswered question is the status of Mr. Villoda Soto's estate.  RC Hotel takes the position that because the one-year statute of limitations has lapsed, no lawsuit may now be filed against Mr. Villoda Soto's estate.  Citing Puerto Rico law, Ms. Pejcic makes two points.  First, she asserts that the statute of limitations against the estate of Mr. Villoda Soto has not yet started to accrue.  *Pl.'s Reply* at 1.  Under Puerto Rico law, "an estate as a juridical person does not exist."  *Heirs of José S. Belaval v. Ramírez*, 64 D.P.R. 104, 106 (1944).  "In order that an estate may sue or be sued, the names of the persons comprising the same must be expressed individually and in detail.  The members of the estate and not the estate itself should appear as plaintiffs or defendants."  *Id.*

Next, Ms. Pejcic says that the heirs of Mr. Villoda Soto are unknown.  *Pl.'s Reply* at 2.  She asserts that there is no evidence that a "declaration of heirship" was ever filed by his heirs or that any heirs even exist.  *Id.*  Ms. Pejcic points out that under the Puerto Rico cognoscitive theory of damages, before a statute of limitations begins to run, an injured person must know the identity of the person who caused the

damage. *Id.* She argues that there has been no showing that she knew or could have known of Mr. Villoda Soto's heirs and therefore that the statute of limitations has not yet begun to run against Mr. Villoda Soto. *Id.* By contrast, RC Hotel maintains that it has no obligation under Puerto Rico law to track down Mr. Villoda Soto's heirs and instead the duty to use due diligence in doing so rests with Ms. Pejcic, not RC Hotel. *Def.'s Resp.* at 9-10.

On these last two issues — whether RC Hotel had the obligation to implead the heirs of Mr. Villoda Soto and whether the statute of limitations has begun to run under Puerto Rico law — the Court is uncomfortable making a definitive ruling. Ms. Pejcic is correct that Puerto Rico law has adopted the cognoscitive theory of damages:

> According to the cognoscitive theory of damages, this statute of limitations period begins to run when the claimant knew or should have known that they suffered an injury, who caused it and the elements necessary to be able to effectively pursue their cause of action.

*Fraguada Bonilla*, 186 D.P.R. at 374. Beyond stating the rule, this Court is uncertain how to apply it in this situation.

This is because the Court is not satisfied, based on the filings of the parties, that either issue is settled law in Puerto Rico and the "[f]ederal court is not the place to make new state law." *Cutting v. Down East Orthopedic Assocs., P.A.*, 278 F. Supp. 3d 485, 500 (D. Me. 2017). The Court will invite the parties to address these issues more expansively and the Court will revisit them upon further briefing.

## IV. CONCLUSION

The Court concludes that under Puerto Rico law as interpreted by the Supreme Court of Puerto Rico, as there are two potential joint tortfeasors causing the same

damage, namely RC Hotel and Luis Villoda Soto, and Duscia Pejcic impleaded only RC Hotel, if the statute of limitations expired on Luis Villoda Soto, the trial court must fix the percentage of responsibility for RC Hotel and Mr. Villoda Soto, and Dusica Pejcic's recovery will be limited to the percentage of liability fixed against RC Hotel.  The Court leaves for later determination whether RC Hotel had the obligation to implead Luis Villoda Soto's heirs and whether the statute of limitations has run as against those heirs.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of August, 2022